**Janet Ruth GREENE, Petitioner— Appellee,**

v.

**L. KUYKENDALL, Warden, Respondent—Appellant.**

No. 01–55721.

D.C. No. CV–98–03770–JSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2002.

Decided April 15, 2002.

Before PREGERSON, TROTT, Circuit Judges, and FITZGERALD *, District Judge.

MEMORANDUM **

OVERVIEW

The State appeals the district court's grant of a writ of habeas corpus to Janet

---

\* The Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Ruth Greene ("Greene"). The State argues that because the evidence in this case overwhelmingly supports the jury's finding of malice, the conceded jury misconduct did not have a substantial or injurious effect or influence.

Because the parties are familiar with the facts, we will recount them here only as necessary to explain our decision, which we render based on a de novo review of the record.

## DISCUSSION

Green maintains that the juror misconduct had a " 'substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). We respectfully disagree.

First, the jury was properly instructed by the trial court as to the legal definition of malice, and that definition remained with the jurors during their deliberations.

Second, the disputed definition of malice introduced by Juror K, although incomplete, was not substantially or meaningfully different from the trial court's instructed definition of malice.

Third, examining this issue " 'in light of the record as a whole'," *Laboa v. Calderon,* 224 F.3d 972, 977 (9th Cir.2000) (quoting *Brecht v. Abrahamson,* 507 U.S. at 637–38, 113 S.Ct. 1710), we conclude that the unrefuted evidence of malice was utterly overwhelming. About an hour before the shooting, Greene told a witness she intended to kill both Coller and Pereida. Immediately before opening fire on her intended victims, Greene said, "Let me show you how serious I am. First I'm going to kill

Marty so you can watch her die." Almost immediately, Greene shot both victims, hitting Coller directly in the chest. On the way to the hospital, Coller informed the police that prior to the shooting Greene said, "I'm going to kill you guys because you ruined my life." Greene herself told the police, "I'm the one who shot them. I deserve punishment." "I shot four times."

In summary, given the record, we discern no prejudice to the petitioner from Juror K's mistake. The jury's verdicts of (1) murder in the second degree as to Coller, and (2) assault with a deadly weapon as to Pereida appear legally appropriate and amply supported by the evidence. The petitioner's federal rights to a fair trial and to due process of law were not violated.[1] Accordingly, the judgment of the district court is reversed and the petition for a writ of habeas corpus is denied.

REVERSED. Petition for a writ of habeas corpus DENIED.

---

1. We agree with the district court's adverse disposition of Greene's remaining claims.